USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: Feb. 14, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOLM H. WIENER,

                Plaintiff,

-against-

AXA EQUITABLE LIFE INS. CO., DAVID HUNGERFORD, AXA ADVISORS, L.L.C., and AXA NETWORK, L.L.C.,
                Defendants.

**ORDER**

16 Civ. 04019 (ER)

Ramos, D.J.:

Plaintiff brought this suit against Defendants after they refused to reinstate his lapsed flexible premium life insurance policies. Doc. 1. On March 15, 2019, the Court granted Defendants' motion to preclude two of Plaintiff's proposed experts—physicians who would testify concerning Plaintiff's medical insurability. Doc. 160. On April 15, 2019, Plaintiff moved this Court for reconsideration, or in the alternative, for certification of interlocutory appeal. Doc. 172. The Court denied the motion for reconsideration on January 24, 2020 and directed the parties to attend a status conference on February 12, 2020. Doc. 177. Familiarity with the facts of the case is presumed. The Court now turns to the request for certification of interlocutory appeal.

Pursuant to 28 U.S.C. § 1292(b), when an order is not otherwise appealable, a district court judge may permit an appeal where the court believes "that such an order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Second Circuit has noted that interlocutory appeals are strongly disfavored in federal practice and courts must exercise great care in making a § 1292(b) certification. *See*

*Wausau Bus. Ins. Co. v. Turner Const. Co.*, 151 F. Supp. 2d 488, 492 (S.D.N.Y. 2001) (collecting Second Circuit cases to that effect).

Here, Plaintiff argues that there is a question of controlling law as to which substantial ground for difference of opinion exists—whether the testimony of a medical doctor is relevant to determine whether a life insurance applicant is in good health and is "insurable." Doc. 173, 14. Plaintiff relies on a single case, *Thompson v. Postal Life Ins. Co.*, 226 N.Y. 363, 366–67 (1919), where the Court of Appeals held that where an insurer sets conditions for reinstatement of a lapsed policy, and the applicant satisfies those conditions, the insurer cannot deny coverage without cause. *Id.* One of the conditions was that Thompson submit to the examination of a physician appointed by the insurer. *Id.* at 366. The examining physician supplemented the medical report by writing in the "remarks" section that Thompson was in "splendid health." *Id.*

The Court previously found that *Thompson* is distinguishable because the Court of Appeals found that the insurance company acted in an arbitrary and capricious manner when it provided no reason for their denial of reinstatement. Doc. 160, 13. By contrast, in the instant case, Defendants did provide the reason for denial. Doc. 177, 5. The Court found that the proffered experts could not opine on the appropriateness of the underwriting determination made by the insurance company here. *Id.*

Plaintiff also argues that the result of the appeal may materially advance the litigation as his claims may be more likely to resolve in his favor by motion practice. *Id.* Defendants dispute this because the Court granted leave for the motion for summary judgment (January 19, 2018) *before* it did so for the motions to preclude the experts (February 21, 2018). Doc. 175, 10; Doc. 108. The Court held the summary judgment briefing schedule in abeyance pending resolution of

the motions to preclude and later the motion for reconsideration. At the most recent hearing on February 12, 2020, the Court (having resolved the motion for reconsideration) set a briefing schedule for the motion for summary judgment. Accordingly, an interlocutory appeal would not materially increase the chances of the claims resolving as motion practice to that effect is already scheduled.

Having considered the parties' submissions and the proceedings had heretofore herein, the Court finds that Plaintiffs' request for certification fails to meet the stringent "burden of persuading the court . . . that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Prudential Lines, Inc.*, 59 F.3d 327, 332 (2d Cir. 1995); *see also Adar Bays, LLC v. Aim Expl., Inc.*, 310 F. Supp. 3d 454, 456 (S.D.N.Y. 2018) (same). Accordingly, Plaintiff's motion for certification for interlocutory appeal is DENIED.

It is SO ORDERED.

Dated: February 14, 2020
New York, New York

Edgardo Ramos, U.S.D.J.